UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RENATE WITTENBERGER and GUNTER
WITTENBERGER, her husband,

        Plaintiffs

vs.

ST. JOHNS SHIPPING CO., INC., a Florida
corporation, DIEGO HERNANDEZ, ICC EVENTS,
INC., a Florida corporation and ARTURO RAMIREZ,

        Defendants.

---

## COMPLAINT

**COME NOW** the Plaintiffs, RENATE WITTENBERGER, and GUNTER WITTENBERGER, her husband, by and through their undersigned counsel and hereby file this Complaint against the Defendants, ST. JOHNS SHIPPING CO., INC., a Florida corporation, (herein referred to as "ST. JOHNS SHIPPING"); ICC EVENTS, INC., a Florida corporation, (herein referred to as "ICC EVENTS"), DIEGO HERNANDEZ, (herein referred to as "HERNANDEZ") and ARTURO RAMIREZ, (herein referred to as "RAMIREZ") and allege:

### JURISDICTION

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332, Diversity of Citizenship; the amount in controversy exceeds seventy five thousand dollars ($75,000.00) exclusive of interest and costs. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Section 1391 in that all actions occurred in or about Ft. Lauderdale, Florida and there is diversity of citizenship.

2. Plaintiffs, RENATE WITTENBERGER and GUNTER WITTENBERGER, her

husband, at all times material hereto are and were citizens of Austria for purposes of diversity jurisdiction.

3. Defendant, ST. JOHNS SHIPPING CO., INC., was and/or is an entity with its principal place of business and place of incorporation within the State of Florida and more particularly in Ft. Lauderdale, Florida, for purposes of diversity jurisdiction.

4. Defendant, DIEGO HERNANDEZ, is a resident of the State of Florida and is an individual residing within the Southern District of Florida and was at all times material herein an employee of co-Defendant, ST. JOHNS SHIPPING CO., INC., in Ft. Lauderdale, Florida.

5. Defendant, ICC EVENTS, INC., is a Florida corporation doing business in Coral Gables, and throughout the State of Florida and was, at all times material hereto, doing business in Ft. Lauderdale, Florida as a tour operator.

6. Defendant, ARTURO RAMIREZ is a resident of the State of Florida and residing within the Southern District of Florida and was at all times material herein an employee of co-Defendant, ICC EVENTS, INC., individually and/or through his corporation, KING ARTURO'S, CORP., a Florida corporation, and was operating a tour bus in Ft. Lauderdale, Florida.

## FACTS

7. That on or about March 26, 2011, the Plaintiffs, RENATE WITTENBERGER, and GUNTER WITTENBERGER, her husband, were tourists/passengers on a tour bus in Ft. Lauderdale, Florida.

8. That Defendant HERNANDEZ, was the operator of a "mule" type vehicle which was pulling a trailer containing a large steel post that extended significantly past the chassis/trailer bed.

9. That Defendant HERNANDEZ, was employed by co-Defendant, ST. JOHNS SHIPPING, the owner of the "mule" vehicle and was operating the vehicle within the course and scope of his employment with co-Defendant ST. JOHNS SHIPPING when it struck and ripped through the tour bus.

10. That the tour bus was driven by co-Defendant ARTURO RAMIREZ and, upon information and belief, was owned by KING ARTURO'S, CORP., a Florida corporation.

11. KING ARTURO'S, CORP., a Florida corporation and/or co-Defendant RAMIREZ was employed by co-Defendant, ICC EVENTS, INC., a Florida corporation which performed and conducted the tour on behalf of a European Touring Company. The bus ride included a tour of the Miami/Ft. Lauderdale area prior to the embarkation of its passengers that day on the M/V Celebrity Constellation at Port Everglades.

12. That on or about March 26, 2011 the Plaintiffs, RENATE WITTENBERGER and GUNTER WITTENBERGER, her husband, had just arrived in the State of Florida from Austria for purposes of a short tour of Miami/Ft. Lauderdale and subsequent cruise on the M/V Celebrity Constellation in Port Everglades, Florida.

13. That on the aforementioned date, the Plaintiffs were seated in the tour bus which, upon information and belief, was stopped at a red traffic light, on route to the cruise vessel on Eller Drive in Ft. Lauderdale, Florida, with seat-belt fastened, when the "mule" vehicle attached to the trailer with a steel beam extending far from the body of said trailer, attempted to make a left hand turn from its adjacent traffic lane on Eller Drive.

14. As it was negotiating its left turn, the protruding steel beam punctured and ripped through the tour bus which was stationary at the traffic light on Eller Drive, seriously injuring various passengers on the bus, including Plaintiff, RENATE WITTENBERGER.

## COUNT I

### NEGLIGENT OPERATION OF VEHICLE BY DIEGO HERNANDEZ

15. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

16. That at all times material hereto, Defendant HERNANDEZ, was negligent in the operation of the vehicle known as a "mule" when he carelessly and negligently negotiated a left turn on the date and at the place aforementioned proximitly resulting in the trailer and its overhanging load, a steel beam, to puncture and rip through the tour bus in which Plaintiffs were passengers, resulting in the serious and permanent injuries to Plaintiff, RENATE WITTENBERG as below set forth.

17. As a direct and proximate result of the negligence of Defendant HERNANDEZ, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses for the care and treatment of her injuries sustained in the accident in the future.

18. That medical expenses to date exceed $250,000.00 and involve multiple surgeries and hospitalizations including an iliac crest graft.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

## COUNT II

## <u>VICARIOUS LIABILITY OF ST. JOHNS SHIPPING CO., INC.</u>

19. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

20. That at all times material hereto, Defendant HERNANDEZ was operating the "mule" vehicle while in the course and scope of his employment with ST. JOHNS SHIPPING CO., INC.

21. That as such, all negligence of Defendant HERNANDEZ, is vicariously attributed to his employer, ST. JOHNS SHIPPING.

22. As a direct and proximate result of the negligence of Defendant HERNANDEZ, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses for the care and treatment of her injuries sustained in the accident in the future.

23. That medical expenses to date exceed $250,000 and involve multiple surgeries and hospitalizations including an iliac crest bone graft.

24. That all negligence proximately caused by the negligent operation of the "mule" vehicle driven by Defendant HERNANDEZ is the responsibility of co-Defendant ST. JOHNS SHIPPING by virtue of the relationship of employer-employer to co-Defendant HERNANDEZ.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

## COUNT III

## DANGEROUS INSTRUMENTALITY OF ST. JOHNS SHIPPING CO., INC.

25. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

26. That at all times material hereto, Defendant ST. JOHNS SHIPPING, owned or controlled a motorized vehicle known as a "mule" which was operated on the date and time as set forth above in a negligent manner by its employee co-Defendant HERNANDEZ when said vehicle negligently negotiated a left turn causing the protruding steel beam to penetrate the tour bus in which Plaintiff, RENATE WITTENBERGER, was a passenger. Defendant HERNANDEZ had the permission and authority of co-Defendant ST. JOHNS SHIPPING to operate the vehicle on the date and place aforementioned.

27. As a direct and proximate result of the negligence of Defendant HERNANDEZ on behalf of co-Defendant ST. JOHNS SHIPPING, in the operation of the vehicle, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses

for the care and treatment of her injuries sustained in the accident in the future. To date, Plaintiff has sustained medical expenses in excess of $250,000 and has undergone multiple surgeries.

28. That in accordance with Florida law and specifically the Dangerous Instrumentality Doctrine, Defendant, ST. JOHNS SHIPPING, is directly and proximately responsible for any and all damages, including the serious and permanent injuries suffered by Plaintiff, RENATE WITTENBERGER, which was occasioned by the neglect operation and usage of said vehicle on the public roads by its employee, co-Defendant HERNANDEZ.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

## COUNT IV

### ACTIVE NEGLIGENCE OF ST. JOHNS SHIPPING CO., INC.

29. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

30. At all times material hereto, Defendant, ST. JOHNS SHIPPING CO., INC., owned a vehicle known as a "mule" which was pulling a trailer which was loaded with steel beam which extended over the chassis/trailer bed.

31. The trailer had been negligently and unlawfully loaded and transported with the full knowledge and permission of Defendant ST. JOHNS SHIPPING on the public streets in Ft. Lauderdale, Florida and more particularly on Eller Drive.

32. Specifically, the beam improperly and unlawfully extended over the length of the trailer, had improper markings and/or flags over the extended portion of the beam and was negligently and carelessly accompanied by other ST. JOHNS SHIPPING's employees during the movement who failed to properly direct and control the movement of the trailer in traffic.

33. As a direct and proximate result of the negligent transportation and loading of the steel beam, the over extended portion of the beam punctured, penetrated and ripped through the tour bus causing serious injuries to various passengers in the bus including Plaintiff, RENATE WITTENBERGER.

34. As a direct and proximate result of the negligence of Defendant HERNANDEZ on behalf of co-Defendant ST. JOHNS SHIPPING, in the operation of the vehicle, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses for the care and treatment of her injuries sustained in the accident in the future. To date, Plaintiff has sustained medical expenses in excess of $250,000 and has undergone multiple surgeries.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

### COUNT V

### NEGLIGENCE OF KING ARTURO'S, CORP., AND/OR ARTURO RAMIREZ

35. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

36. That at all times material hereto, KING ARTURO'S, CORP., was and is a Florida

corporation with its principal place of business in Miami, Florida and whose principal director, officer and owner is Defendant RAMIREZ.

37. On the date and time of the incident, as set forth above, and upon information and belief, Defendant RAMIREZ was operating a tour bus owned by KING ARTURO'S, CORP., and upon further information and belief; said vehicle was struck by a vehicle known as a "mule" and attached trailer being operated by co-Defendant HERNANDEZ and owned by co-Defendant, ST. JOHNS SHIPPING.

38. That upon information and belief, it may be alleged that the driver of the tour bus, Defendant RAMIREZ operated his tour bus in a negligent manner when it was struck by the "mule" and trailer which was negligently operated by co-Defendant HERNANDEZ and owned by co-Defendant ST. JOHNS SHIPPING.

39. That should it be determined that Defendant RAMIREZ and/or King Arturo's, Corp., was negligent in the operation of the tour bus vehicle, then the proximate injuries sustained by Plaintiff, RENATE WITTENBERGER, would be partly the responsibility of said Defendant RAMIREZ.

40. As a direct and proximate result of the vehicular accident, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses for the

care and treatment of her injuries sustained in the accident in the future. To date, Plaintiff has sustained medical expenses in excess of $250,000 and has undergone multiple surgeries.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

## COUNT VI

### VICARIOUS LIABILITY OF DEFENDANT ICC EVENTS, INC.

41. Plaintiffs reallege and reincorporate herein the allegations set forth within paragraphs 1 through 14 above.

42. That on or about the date of the incident, Defendant, ICC EVENTS, INC., was and is a Florida corporation, operating as a tour operator with its principal place of business in Coral Gables, Florida.

43. That on the date in question, Defendant ICC EVENTS employed KING ARTURO'S, CORP., and/or its principal, co-Defendant RAMIREZ, for the purposes of conducting a short tour of South Florida for various foreign nationals prior to arriving at Port Everglades and delivery of said passengers for a cruise on board the M/V Celebrity Constellation. Among those tourists on board were Plaintiff, RENATE WITTENBERGER and her husband, GUNTER WITTENBERGER.

44. That upon information and belief and during the course and scope of his employment, co-Defendant RAMIREZ, was operating the tour bus in a negligent manner resulting in a vehicular accident with a "mule" and trailer operated by co-Defendant HERNANDEZ, an employee of co-Defendant ST. JOHNS SHIPPING.

45. That if it is determined that the operator of said tour bus, Defendant RAMIREZ, was

negligent in the operation of the tour bus contributing to the injuries sustained by Plaintiff, RENATE WITTENBERGER, then co-Defendant ICC EVENTS would be responsible for its portion of the damages sustained by any and all tour bus passengers, including Plaintiff, RENATE WITTENBERGER, under the theory of Vicarious Liability for the negligent conduct of its employee, co-Defendant RAMIREZ.

46. As a direct and proximate result of the vehicular accident, Plaintiff, RENATE WITTENBERGER, was injured in and about her body, sustaining severe and permanent personal injuries, including fractured ribs, right side complex groin laceration which required multiple hospitalizations and surgical procedures, pain and suffering, psychological injury, disability, significant and permanent scarring, disfigurement, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, nursing expenses, loss of wages in the past and loss of earning capacity in the future and will continue to sustain damages for the above losses and further will sustain medical, psychological, nursing and hospital expenses for the care and treatment of her injuries sustained in the accident in the future. To date, Plaintiff has sustained medical expenses in excess of $250,000 and has undergone multiple surgeries.

**WHEREFORE** Plaintiffs demand judgment in their favor for damages, pre-judgment interest, attorneys' fees, costs and for such further relief as this Court deems just and proper.

## COUNT VII

## LOSS OF CONSORTIUM

47. That at all material times hereto, Plaintiff, GUNTER WITTENBERGER was lawfully married to Plaintiff, RENATE WITTENBERGER, and resides in Austria along with his wife.

48. That at all material times hereto, Plaintiff, GUNTER WITTENBERGER, was entitled to the comfort, support, services, society, companionship and consortium of his wife, Plaintiff, RENATE WITTENBERGER, and as a direct and proximate result of the negligence of the above-named Defendants, the ability of Plaintiff, RENATE WITTENBERGER, to render such services, assistance and consortium to her husband has been impaired, causing him to suffer said losses.

**WHEREFORE**, Plaintiff, GUNTER WITTENBERGER, demands judgment against all Defendants as set forth above for all damages available under the laws of the State of Florida, together with pre-judgment interest, attorney's fees, costs and for such other and further relief as this Honorable Court shall deem just and proper.

## COUNT VIII

## DEMAND FOR JURY TRIAL

49. The Plaintiffs demand a trial by jury of all issues so triable as of right.

DATED this 31ST day of October, 2011.

Respectfully submitted,

By: _____
KENNETH E. COHEN, ESQ.
Florida Bar No.: 210439
Holman, Cohen & Valencia
2739 Hollywood Boulevard
Hollywood, Florida 33020
Telephone: (954) 924-0200
Facsimile: (954) 924-0148
KEC@hcvlawyers.com
Counsel for Plaintiffs